UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                      DECISION AND ORDER

                                                                      00-CR-6153L

                        v.

SHERMAN R. GREEN,

                              Defendant.
_____

This Court entered a *sua sponte* order on February 1, 2008 (Dkt. #58) that defendant may be eligible for reduction in a previously imposed sentence, pursuant to 18 U.S.C. § 3582(c), because of a change in the Sentencing Guidelines ("Guidelines") which lowered the base offense levels applicable to cocaine base. Defense counsel, the Government and the Probation Office have provided the Court with information on the relevant issues.

After reviewing the prior history of the case, the submissions from the parties, as well as all the factors listed at 18 U.S.C. § 3553(a), I decline to reduce defendant's sentence pursuant to § 3582(c).

Defendant's original Guideline range was 324-405 months; he faced a statutory penalty of 20 years to life imprisonment. At the original sentence, I granted the Government's motion for departure because of defendant's cooperation and sentenced defendant on November 18, 2003 to 144 months. This was an 8-level departure.

Thereafter, the Government made another application for a reduction, this time pursuant to FED. R. CRIM. P. 35. I granted that motion also and further reduced Green's sentence to 96 months.

At or about the time of these proceedings, Green had entered a guilty plea in New York State Court to robbery and received an 8-year (96 months) sentence, to run concurrently with the federal sentence.

There is no basis now for a further reduction. Green's sentence has already been reduced by 19 years (228 months) from the low end of the original Guideline range (324 months). The reductions that were made were based on defendant's substantial cooperation and was not calculated with regard to the specific Guideline range for cocaine base. I feel confident that even had the new cocaine base Guidelines been in effect when I twice reduced Green's sentence, the resulting 96 month sentence would have been the same. The dramatic reductions given to Green were very substantial and were not affected by the then existing cocaine base Guidelines.

CONCLUSION

I decline to reduce defendant Sherman Green's sentence under the provisions of 18 U.S.C. § 3582(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 10, 2008.